# United States District Court
## Northern District of California

UNITED STATES OF AMERICA

v.

ARENA ADANANDUS

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

USDC Case Number: CR-12-00116-001 YGR
BOP Case Number: DCAN412CR000116-001
USM Number:        23920-047
Defendant's Attorney :Angela Hansen

**THE DEFENDANT:**

[**x**]        admitted guilt to violation of condition(s) <u>Charges 1, 2,3 and 6 regarding the term of</u> supervision.

[ ]        was found in violation of condition(s) __ after denial of guilt.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[x ] Upon motion of government remaining charges 4 and 5 of Petition filed 11/17/2011 are dismissed.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

March 8, 2012
Date of Imposition of Judgment

Signature of Judicial Officer

Honorable Yvonne Gonzalez Rogers, U. S. District Judge
Name & Title of Judicial Officer

March 16, 2012
Date

| | | |
|---|---|---|
| DEFENDANT: | ARENA ADANANDUS | Judgment - Page 2 of 5 |
| CASE NUMBER: | CR-12-00116-001 YGR | |

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| Charge One | Violation of mandatory condition to not unlawfully possess a controlled substance; refrain from unlawful use of controlled substance and submit to drug test | July 18, 2011 and October 4, 2011 |
| Charge Two | Violation of standard condition number two to report to probation officer and submit truthful and complete written report within the first five days of each month | November 4, 2011 and November 7, 2011 |
| Charge Three | Violation of standard condition number three to answer truthfully all inquiries by probation officer | October 4, 2011 and October 20, 2011 |
| Charge Six | Violation of special condition number three to pay restitution in amount of $1200.00 in accordance with schedule set forth in the 5/23/11 Judgment | November 17, 2011 |

DEFENDANT:      ARENA ADANANDUS                               Judgment - Page 3 of 5
CASE NUMBER:    CR-12-00116-001 YGR

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **TIME SERVED** .

[ ]      The Court makes the following recommendations to the Bureau of Prisons:

[ ]      The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

[ ]      The defendant shall surrender to the United States Marshal for this district.

        [ ] at ___ [] am [] pm on ___.
        [ ] as notified by the United States Marshal.

        The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[ ]      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

        [ ] before  2:00 pm on ___.
        [ ] as notified by the United States Marshal.
        [ ] as notified by the Probation or Pretrial Services Office.

        **The appearance bond is  exonerated .**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

      Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

                                      _____

                                      UNITED STATES MARSHAL

                By   _____

                                  Deputy United States Marshal

| DEFENDANT: | ARENA ADANANDUS | Judgment - Page 4 of 5 |
|---|---|---|
| CASE NUMBER: | CR-12-00116-001 YGR | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **30 months** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

[**x**]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check if applicable.)

[**x**]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation,  unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:      ARENA ADANANDUS                              Judgment - Page 5 of 5
CASE NUMBER:    CR-12-00116-001 YGR

# SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall perform 40 hours of community service as directed by the probation officer which will be waived if defendant is fully employed after 30 days.

2) The defendant shall not have contact with any co-defendant, in this case namely, Khadija Thompson and Lanesha Paxton.

3)
The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

4) The defendant shall pay any restitution that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

    The defendant shall provide the probation officer access to any requested financial information, including tax returns, and shall authorize the probation office to conduct credit checks and obtain copies of income tax returns.

5) The defendant shall submit her person, residence, office, vehicle, or any property under her control to a search. Such a search shall be conducted by a United States Probation Officer or any federal state or local law enforcement officer at any time with or without cause. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

6) The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

7) Defendant is to make payment on restitution of $1200.00 as ordered in the previous Judgment of 5/23/11 and once defendant is employed is to make payments of $100.00 per month toward restitution. Court will allow a 30 day grace period regarding restitution payments.

8) The defendant shall cooperate in the collection of DNA as directed by the probation officer.